Department of Environmental Services
No. 2009-487

APPEAL OF DAVID DUVERNAY & a.
(New Hampshire Department of Environmental Services)

Submitted: February 18, 2010
Opinion Issued: April 9, 2010

David E. DuVernay, by brief, *pro se.*

*Michael A. Delaney*, attorney general (*K. Allen Brooks*, senior assistant attorney general, on the brief), for the respondent.

DALIANIS, J. The petitioners, David and Rae DuVernay, appeal a decision of the respondent, New Hampshire Department of Environmental Services (DES), denying their application for a tax exemption for two septic systems servicing their residential property. *See* RSA 72:12-a (Supp. 2009). We reverse.

The following facts are not in dispute. The DuVernays own property adjacent to Lake Monomonac in Rindge. Their property includes two buildings: a single-family home, which is their primary residence, and a small cottage. Each building has its own septic system. In 2009, they

applied to DES for a pollution control tax exemption under RSA 72:12-a for the two septic systems and the associated real property. DES investigated the DuVernays' application, and concluded that the septic systems were pollution control facilities within the meaning of RSA 72:12-a. However, it denied their application for a tax exemption, stating that "granting a tax exemption for these individual septic treatment systems, would not, in [DES's] judgment, reasonably promote some proper object of public welfare or interest." (Quotation omitted.) DES relied upon our decision in *Appeal of Town of Rindge*, 158 N.H. 21, 26-27 (2008), in which we upheld a tax exemption under the same statute for Franklin Pierce University's wastewater treatment facility. The DuVernays filed a motion for reconsideration, which DES denied. This appeal followed.

Our review of agency decisions is narrow in scope. *Appeal of Town of Bethlehem*, 154 N.H. 314, 318 (2006). "Agency findings are deemed *prima facie* lawful and reasonable and we do not sit as a trier of fact in reviewing them. However, we will overturn agency decisions when the appealing party shows by a clear preponderance of the evidence that the agency's decision is unjust, unreasonable or unlawful." *Id.* (citation omitted).

RSA 72:12-a, I, provides:

> Any person, firm or corporation which builds, constructs, installs, or places in use in this state any treatment facility, device, appliance, or installation wholly or partly for the purpose of reducing, controlling, or eliminating any source of air or water pollution shall be entitled to have the value of said facility and any real estate necessary therefor, or a percentage thereof determined in accordance with this section, exempted from the taxes levied under this chapter for the period of years in which the facility, device, appliance, or installation is used in accordance with the provisions of this section.

██ ██ The DuVernays argue that because DES found that their septic systems are pollution control facilities pursuant to the plain meaning of RSA 72:12-a, its denial of their application was unjust, unreasonable and unlawful. We agree. RSA 72:12-a provides that qualifying pollution control facilities *shall* receive a tax exemption. Nothing in the statute permits DES to exercise its discretion to deny an exemption to a qualifying facility. *See In re Jack O'Lantern, Inc.*, 118 N.H. 445, 448 (1978) ("An agency may not add to, change, or modify the statute by regulation or through case-by-case adjudication."); *cf. Appeal of Public Serv. Co. of N.H.*, 124 N.H. 79, 88 (1983) (noting that the relevant inquiry under the statute is the purpose of the facility and not its effectiveness in controlling pollution).

DES concedes that the word "shall" in RSA 72:12-a is a mandatory command, *see McCarthy v. Wheeler*, 152 N.H. 643, 645 (2005), but argues that it acted reasonably and lawfully because Part II, Article 5 of the New Hampshire Constitution, which requires uniformity and equality in assessment and collection of property taxes, does not permit a tax exemption for the DuVernays' septic system. All of DES's arguments, however, rely upon a misunderstanding of our holding in *Appeal of Town of Rindge*.

In *Appeal of Town of Rindge*, the town appealed a DES decision granting Franklin Pierce University a tax exemption for its wastewater treatment facility under the same statute. *Appeal of Town of Rindge*, 158 N.H. at 23. In affirming DES's decision, we addressed a similar constitutional argument raised by the town based upon Part I, Article 10 and Part II, Article 5 of the State Constitution. *Id.* at 26; *see Opinion of the Justices (Mun. Tax Exemptions for Elec. Util. Personal Prop.)*, 144 N.H. 374, 378 (1999) ("Exemptions are constitutional if they are supported by just reasons, and thereby reasonably promote some proper object of public welfare or interest." (quotation omitted)). Specifically, the town argued that granting the exemption for the wastewater treatment facility, which was mandated by regulation, failed to promote a proper object of public welfare or public interest. *Appeal of Town of Rindge*, 158 N.H. at 26. It asserted that: "No public interest is served when a tax break is given to a taxpayer who does nothing except what the law requires." *Id.* (quotation omitted).

In explaining why the town could not prevail upon this argument, we pointed out that, contrary to the town's presumptions, the university's tax exemption did, in fact, promote several specific proper objects of public welfare or interest. *Id.* at 27. We noted, for example, that a tax exemption could encourage the preemptive installation of devices or the installation of higher quality devices than the minimum that the law requires. *Id.* We also observed that another public benefit "stems from the fact that the university's facility fulfills a pollution control obligation which might otherwise fall to Rindge." *Id.*

Here, DES concedes that for pollution control facilities that are *not* mandated by regulation, "the constitutional analysis regarding public benefit is usually easy" because "[p]ollution control devices provide public benefit by protecting the environment." On the other hand, for pollution control facilities that are already required, DES reads *Appeal of Town of Rindge* as holding that granting a tax exemption would be unconstitutional unless the facility provides the same or similar additional public benefits as those we identified in that case. In short, DES contends that, when a pollution control facility is mandated by regulation, some *additional* public benefit is required. We disagree.

In *Appeal of Town of Rindge*, we did not intend to imply that any additional public benefit, other than pollution control, was required for a facility to be entitled to a tax exemption under RSA 72:12-a. Although we cited specific examples of additional public benefits in dicta, we never held that these additional benefits were constitutionally required. Indeed, in explaining that a tax exemption "may" affect when an entity elects to install a particular device or what type of device it installs, we did not find that the specific pollution control devices installed by the university in fact were installed earlier than required by law or that they were of a higher quality than those required by law. *Id.* As long as a facility qualifies under the plain meaning of the statute, and, thus, promotes the public benefit of controlling pollution, DES has no discretion to deny the applicant a tax exemption.

*Reversed.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.